UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROSS TIMBERLAKE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:12-cv-00022-RLY-TAB |
| | ) | |
| MICHAEL DEATRICK, JAMES | ) | |
| GOLDMAN, CARL MATHES, JIM | ) | |
| KLINSTIVER, TERRY MILLER and | ) | |
| DENNIS BYRD, | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANT DENNIS BYRD'S MOTION TO DISMISS**

Defendant Dennis Byrd ("Defendant"), Prosecuting Attorney for Harrison County, Indiana, moves to dismiss claims brought against him by Ross Timberlake ("Plaintiff"), a Harrison County Jail officer, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response to Defendant's Motion to Dismiss. For the reasons set forth below, the motion is **GRANTED**.

**I.    Background**

The present case arises from an incident at the Harrison County Jail on May 22, 2010, where an inmate accused jail employees of humiliating and torturing him while in their custody. (Docket # 1-1, ¶ 9 ("Complaint")). Plaintiff alleges that Defendant knowingly charged Plaintiff with two felony counts of "Assisting a Criminal" without

1

probable cause and in violation of his constitutional rights.  (*Id.* ¶¶ 13, 17, 18).  He further alleges that Defendant conspired with Michael Deatrick, former Sheriff of Harrison County, to maliciously prosecute and falsely imprison Plaintiff.  (*Id.* ¶¶ 26-28).  The State of Indiana dismissed the charges against Plaintiff on March 7, 2011.  (*Id.* ¶ 21).  Plaintiff alleges that Defendant's conduct "violated the substantive and procedural due process rights to equal protection" under both the Indiana and U.S. Constitutions.  (*Id.* ¶ 18).  Plaintiff now seeks recovery for lost income and compensatory relief.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To properly state a claim, a complaint must contain allegations that "'state a claim to relief that is plausible on its face.'"  *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged."  *Id.*  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallet v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997).  In accordance with this standard, the facts set forth above are accepted as alleged.

**III.    Discussion**

    **A.    Prosecutorial Immunity—Federal Claims**

Prosecutors enjoy absolute immunity from civil liability arising from performance of prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Such functions include initiating criminal charges, conducting the prosecution, and presenting the state's case. *Id.* This immunity applies to civil claims, brought under 42 U.S.C. § 1983 ("Section 1983"), even when a prosecutor "initiates charges maliciously, unreasonably, without probable cause, or . . . on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Immunity also applies when the prosecutor conspires with nonimmune persons. *Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996).

To the extent Plaintiff alleges violations of equal protection and due process under Section 1983, he has failed to state a claim upon which relief may be granted. Charging and prosecuting suspected criminals are certainly within a prosecutor's function as the state's advocate. *See Imbler*, 424 U.S. at 430-31 (distinguishing between investigative and prosecutorial roles of a prosecutor, and concluding that prosecutors enjoy absolute immunity when initiating a prosecution and presenting the state's case). That Plaintiff has suffered as a result of Defendant's alleged conduct does not penetrate the immunity accorded to prosecutors when performing prosecutorial functions. Lastly, to the extent

Plaintiff brings a conspiracy claim, Defendant still enjoys prosecutorial immunity.[1] Therefore, prosecutorial immunity shields Defendant from civil liability based on federal claims.

      B.    **Prosecutorial Immunity—State Claims**

Indiana law also recognizes absolute prosecutorial immunity in state causes of action.  *See Foster v. Pearcy*, 387 N.E.2d 446, 449 (citing *Imbler* with acceptance and applying its reasoning to a state law claim of libel brought against a prosecutor). Furthermore, the Indiana Supreme Court has rejected *Imbler*'s distinction between a prosecutor's advocacy and investigatory roles, holding that a prosecutor's ability to effectively investigate and prosecute criminals demands absolute immunity so long as the acts are within the prosecutor's scope of authority.  *Id.*

In the present case, Plaintiff alleges that Defendant maliciously prosecuted, falsely imprisoned, and intentionally inflicted emotional distress upon Plaintiff.  (Complaint ¶¶ 25-30).  Plaintiff apparently concedes, however, that Defendant acted within the scope of his authority.  (*See* Complaint ¶ 28 ("Byrd . . . did . . . undertake these actions under the color of [his] governmental authority . . . .")).  Taking Plaintiff's bare assertions as true,

---

[1] It is not clear from the complaint whether Plaintiff alleges conspiracy under 42 U.S.C. § 1983 or § 1985.  Regardless of the statutory basis of such a claim, the Defendant is immune from civil liability.  *See Imbler*, 424 U.S. at 430-31.  Furthermore, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007), a plaintiff must allege sufficient facts to make a plausible claim of conspiracy.  A mere assertion of conspiracy, therefore, is insufficient to reach the plausibility threshold.  *Id.*  Here, Plaintiff alleges nothing more than conclusory assertions of conspiracy. (Complaint ¶¶ 26-27).  Thus, the court must dismiss any conspiracy claims against Defendant.

they fail to support a cause of action against the Defendant. That Defendant charged and prosecuted Plaintiff maliciously and knowingly without probable cause does not change the fact that prosecuting suspected criminals is central to a prosecutor's authority. Therefore, Defendant enjoys prosecutorial immunity from state law claims.

### IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Docket # 7) is **GRANTED.**

**SO ORDERED** this  1st  day of August 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Larry O. Wilder
lowilder40@aol.com